IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROOFING & RECONSTRUCTION CONTRACTORS OF AMERICA, LLC, & STALWART GENERAL CONTRACTOR as assignee of PREVENTATIVE MAINTENANCE CONSULTING SERVICES, INC.<br>**Plaintiffs**<br><br>v.<br><br>NATIONWIDE E & S SPECIALTY SCOTTSDALE INSURANCE COMPANY<br>**Defendant** | CIVIL ACTION NO: 2:23-CV-06509<br><br><br><br>JUDGE GREG G. GUIDRY<br><br><br>MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

## ORDER AND REASONS

The Court has before it Defendants Scottsdale Insurance Company ("Scottsdale") and Nationwide E&S Speciality's ("Nationwide") (collectively, "Defendants") Motion to Dismiss Plaintiffs Roofing & Reconstruction Contractors of America, LLC ("R&R") & Stalwart General Contractor's ("Stalwart") (collectively, "Plaintiffs") claims raised against them in this Hurricane Ida insurance action pursuant to Federal Rule of Civil Procedure 112(b)(6). R. Doc. 9. Plaintiffs have submitted no opposition to Defendants' Motion and the deadline to do so has passed. Having considered Defendants' memorandum in support of their unopposed Motion, R. Doc. 9-1, as well as the applicable law and facts, the Court will GRANT Defendants' Motion.

I.  **APPLICABLE LAW**

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

1

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court's task in considering whether a plaintiff has stated a plausible claim to relief is to "determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (citing *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys,* 675 F.3d 849, 854 (5th Cir. 2012)). Thus, courts must construe the allegations in the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *Lovick v. Ritemoney Ltd.,* 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.,* 302 F.3d 552, 558 (5th Cir. 2002)). A complaint need not contain detailed factual allegations, but must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## II. DISCUSSION AND ANALYSIS

In their Complaint, Plaintiffs assert claims for breach of contract and statutory bad faith penalties pursuant to La. R.S. 22:1973 and 22:1892 against both Defendants. R. Doc. 1-1 at 4–13. However, as an initial matter, Defendants have shown that Nationwide, while an affiliate of Scottsdale, is not a party to the instant insurance policy issued by Scottsdale. *See* R. Docs. 9-5; 9-1 at 11–12. Nationwide is thus improperly named in this action and all claims raised against it by Plaintiffs must be dismissed. Accordingly, the Court need further consider only Plaintiffs' claims against Scottsdale.

### A. STATUTORY PENALTIES

Plaintiffs are contractors to whom the owners of the subject home, having sustained hurricane damage, assigned their rights to bring suit against Scottsdale under their insurance policy. R. Doc. 1-1 at 6. However, Scottsdale argues that the assignment of rights from the insurer property owner to Plaintiffs did not include the right to raise claims for bad faith penalties under §§ 22:1892 and 22:1973. R. Doc. 9-1 at 7–9. This Court, as well as many other federal courts sitting in Louisiana, have held Louisiana law requires the assignment of a right to bring extra-contractual, statutory claims for bad faith penalties must be expressly provided for in the act of assignment, and that this requirement is not fulfilled by a general assignment of rights under the insurance contract. *See, e.g.*, *Cat 5 Glob., LLC v. Occidental Fire & Cas. Co. of N. Carolina*, 2024 WL 169649, at *2 (E.D. La. Jan. 16, 2024); *Frisbie v. State Farm Fire & Cas. Co.*, 2023 WL 6284272, at *3 (W.D. La. Sept. 26, 2023). The assignment of benefits at issue here contains no such express assignment to Plaintiffs from the insured property owner. *See* R. Doc. 9-1 at 4. Accordingly, Plaintiffs have failed to state a claim for which relief can be granted as to their claims pursuant to §§ 22:1892 and 22:1973.

### B. BREACH OF CONTRACT

Plaintiffs assert in their complaint that Scottsdale breached the instant insurance contract by tendering them an indemnity payment of only $865.14. Although Plaintiffs may have stated a claim for breach of contract capable of surviving Rule 12(b)(6) review, Scottsdale has produced evidence that it in fact tendered an additional indemnity payment under the instant policy in the amount of $96,021.72 following a demand for appraisal by the insured property owner. *See* R. Doc. 9-6. Plaintiffs have failed to respond or produce any evidence supporting their claim Scottsdale paid only $865.14 or indicating any genuine issue of material fact exists as to whether

Scottsdale otherwise breached the contract. Accordingly, the entry of summary judgment in favor of Scottsdale on this claim is appropriate. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

### III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants Scottsdale Insurance Company and Nationwide E&S Speciality's Motion to Dismiss, R. Doc. 9, is hereby **GRANTED**, and this action and all claims raised herein are **DISMISSED WITH PREJUDICE**, each party to bear its own costs.

New Orleans, Louisiana, this 21st day of March, 2024.

                                                    Greg Gerard Guidry
                                                  United States District Judge